# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA MONTES,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CAPSTONE LOGISTICS, LLC, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01485-SAB<br><br>NOTICE THAT PLAINTIFF'S *EX PARTE* APPLICATION IS PROCEDURALLY IMPROPER<br><br>ORDER DEEMING PLAINTIFF'S OPPOSITION AS UNTIMELY FILED ON MARCH 5, 2025; ORDER SETTING DEADLINE FOR DEFENDANTS TO FILE REPLY BRIEFS<br><br>NOTICE THAT PLAINTIFF MUST COMPLY WITH <u>CURRENT</u> LOCAL RULES<br><br>**TEN-DAY DEADLINE**<br><br>(ECF No. 25) |

Currently before the Court is Plaintiff's *ex parte* application to file a late opposition, or in the alternative, to continue the hearing to Defendant Capstone Logistics, LLC's motion to compel arbitration and motion to dismiss Plaintiff's first amended complaint. (ECF No. 25.) Although Plaintiff brings her request via a procedurally improper vehicle, the Court shall, for the following reasons, deem Plaintiff's opposition as untimely filed on March 5, 2025, and consider Plaintiff's arguments contained therein in its findings and recommendations.

The Court finds it prudent to first summarize the relevant timeline related to the instant *ex*

*parte* application. On February 3, 2025, the parties filed a stipulation to allow Defendants time to respond to Plaintiff's first amended complaint. (ECF No. 14.) The Court parsed through a convoluted list of stipulations made by the parties and granted the request in part on February 5, 2025. (ECF No. 15.) Namely, the Court entered the parties' stipulation that Defendants would have until February 10, 2025 to file their motions to compel arbitration, except in the instance that Plaintiff elected to file a second amended complaint by February 10, 2025, then Defendants would have until February 24, 2025 to file their motions to compel arbitration. (Id. at 2.) The only portion of the stipulation not entered by the Court was the parties' premature request to set a deadline for Defendants to respond in the event the to-be-filed motions to compel were denied. (Id.) Contrary to Plaintiff's intimation in her instant application, the parties did not stipulate in any filing before the Court—nor did the Court *sua sponte* order—a modified briefing schedule for Defendants' motion to compel.

On February 10, 2025, Defendant Capstone Logistics, LLC filed a motion to compel arbitration and dismiss Plaintiff's first amended complaint. (ECF No. 21.) The same day, Defendant Winco Foods, LLC filed a joinder to Defendant Capstone Logistics, LLC's motion to compel.[1] (ECF No. 22.) Plaintiff's opposition was due on February 24, 2025. L.R. 230(c). Receiving no opposition by February 27, 2025, the Court issued an order vacating the March 19, 2025 hearing pursuant to Local Rule 230(c). On March 5, 2025 Plaintiff filed the instant *ex parte* application requesting that the Court allow her to file her late opposition. (ECF No. 25.) The opposition was filed separately the same day. (ECF No. 26.)

In the instant application, Plaintiff maintains that she calendared the opposition due date for March 5, 2025, "consistent with Local Rule 230(c)." (ECF No. 25 at 4.) However, Plaintiff relies on an outdated version of Local Rule 230(c). Readily available on the Court's website is a red-lined version of the 2022 amendment to Local Rule 230(c), which strikes the language Plaintiff repeatedly relies upon as the basis for her application.[2] Since March 1, 2022, the Local Rule governing oppositions to motions is as follows:

---

[1] The Court herein refers to the motion to compel and joinder collectively as "Defendants' motion."

[2] https://www.caed.uscourts.gov/caednew/assets/File/GO%20645(2).pdf

> Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served *no later than fourteen (14) days after the motion was filed*. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.

L.R. 230(c) (emphasis added). Accordingly, the fourteen day deadline following the filing of the motion is not, as Plaintiff argues, "the court's schedule"; rather, it is the regular briefing schedule for motions in this District pursuant to the operative Local Rules. Moving forward, counsel for Plaintiff is expected to know and comply with the current Local Rules of this District, which are readily available on the Court's website.

Regardless of Plaintiff's application of an outdated version of Local Rule 230(c), Plaintiff's ire towards counsel for Defendants is not well-taken. Particularly in *ex parte* applications, "[l]awyers should…be aware of the risks of making unsupported statements, drawing unjustifiable conclusions, or even using words with high emotional connotations about an adversary. Such conduct says more about the lawyer making the statements than about the adversary. Consequently, the tainting of the court's view is more likely to be detrimental to the accuser than to the accused." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 491 (C.D. Cal. 1995). Defendant is not required to stipulate to remedy Plaintiff's mistake. Although the Court urges parties to enter stipulations where possible, the Court does not consider Defendant's refusal to stipulate in Plaintiff's favor.

In the same vein, the Court strongly disagrees with Plaintiff's contention that "Defendants' counsel created the need for the filing of this *ex parte*." (ECF No. 25 at 7.) Plaintiff has known since at least December 10, 2024 that Defendants intended to file motions to compel arbitration. (ECF No. 6 at 2.) Further, Plaintiff *agreed* that if she did not file an amended complaint on February 10, 2025, Defendants would file their motions to compel arbitration no later than February 24, 2024. (ECF No. 15.) Contrary to her protracted argument, Plaintiff's failure to comply with Local Rule 230(c) cannot be the result of confusion from a non-existent Court order modifying a briefing schedule nor is it gamesmanship on the part of

1  Defendants.  Plaintiff, and Plaintiff alone, missed an admittedly crucial deadline.  Even when
2  Plaintiff became aware of the missed deadline by the Court's order on February 27, 2025, she
3  waited six days before requesting relief via an improper vehicle.

4  Plaintiff's request for leave to file her untimely opposition is not made *ex parte*.  "The
5  expression 'ex parte motion' is a term of art.  In its pure form it means a request a party makes to
6  the court *without any notice to the other side*."  Mission Power Eng'g Co., 883 F. Supp. at 490
7  (emphasis added).[3]  That is not what occurred here.  Plaintiff readily admits that "[t]his ex parte
8  application is made following meet and confer telephone calls and emails between Plaintiff's
9  counsel, Jose Garay, and Defendants' counsel, Nick Baltaxe and Derrick Fong-Stempel
10 discussing stipulation, which took place between February 27, 2025 when the Court issued its
11 Order vacating the upcoming March 19, 2025 hearing [ECF 24], and March 4, 2025…."  (ECF
12 No. 25 at 2.)  Thus, Defendant had notice of Plaintiff's intention to request leave to file an
13 untimely opposition and merely refused to stipulate to the request.

14 Nor is the current request an *ex parte* application to shorten time under Local Rule
15 144(e). (ECF No. 51.)  *Ex parte* applications under Local Rule 144(e) are limited to applications
16 to shorten time to hear a concurrently filed motion pursuant to Local Rule 230.  Here, no hearing
17 is set.  No motion pursuant to Local Rule 230 is concurrently filed.

18 Plaintiff's unilateral request for leave to file an untimely opposition is not an *ex parte*
19 matter.  Plaintiff is admonished that future abuse of the *ex parte* process will result in immediate
20 sanctions.  See L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with
21 any order of the Court may be grounds for imposition by the Court of any and all sanctions
22 authorized by statute or Rule or within the inherent power of the Court.").

---

[3] "When an ex parte motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions. Even hearings or trials—where a courtroom full of deserving users of the court are waiting—are often interrupted or delayed.

It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire."  Mission Power Eng'g Co., 883 F. Supp. at 491-92.

Maintaining its admonishment of Plaintiff's inflammatory statements towards Defendants and improper invocation of *ex parte* procedures, the Court must decide whether to deem Plaintiffs' opposition as untimely filed and consider it when deciding Defendants' motion to compel arbitration. The Court may, for good cause, extend time on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6. When analyzing whether a party's neglect is "excusable," courts consider the danger of prejudice to the non-moving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the moving party's conduct was in good faith. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id.

On March 6, 2025, the Court afforded Defendants the opportunity to be heard as to any prejudice they would experience should the Court consider Plaintiffs' untimely opposition. (ECF No. 27.) On March 7, 2025, Defendants filed a response. (ECF No. 28.)

First, Defendants argue they would face significant prejudice if the Court allowed Plaintiff leave to file her untimely opposition because Plaintiff is seeking damages on behalf of a state-wide group that grows with each passing day. (Id. at 28.) Defendants contend that Plaintiff's refusal to file her claims in arbitration pursuant to the purportedly valid arbitration agreement already has caused delay, and the failure to file a timely opposition exacerbates that issue.[4] (Id.) However, the Court will not take a preliminary peak at the merits of the motion to determine whether prejudice exists to allow the untimely opposition. Rather, the Court takes into consideration that after Plaintiff missed the deadline on February 24, 2025 and the Court waited three days as a courtesy before vacating the hearing on February 27, 2025 (ECF No. 24), counsel for Plaintiff reached out to counsel for Defendants on February 27, 2025 (ECF No. 25 at 9) and,

---

[4] The parties are reminded that Magistrate Judges are available to conduct case dispositive proceedings, including a motion to compel arbitration. However, exercise of this jurisdiction by a Magistrate Judge is permitted only if all parties voluntarily consent. To consent or decline to Magistrate Judge jurisdiction, a party may sign and file the consent form available on the Court's website, at: http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/. Parties may consent, decline, or withhold consent without any adverse consequences, and the assigned Magistrate Judge will not be informed of the individual party's holding or withholding of consent.

1 from February 27, 2025 through March 4, 2025, attempted to obtain a stipulation from
2 Defendants (id.). Although waiting six days for a stipulation is questionable, the Court does not
3 find the speculative increase to the size of Plaintiff's putative class and representative group in
4 the nine-day time span between the opposition due date and the ultimate March 5, 2025 filing
5 date amounts to significant prejudice to Defendants.

6       Further, it is clear from Defendants' details in their motion to compel arbitration
7 regarding the parties' meet and confer efforts from December 14, 2024 through January 29,
8 2025, that Defendants knew Plaintiff did not agree she entered an enforceable arbitration
9 agreement. (ECF No. 21 at 2.) Defendants' knowledge is also evinced by Defendants' February
10 3, 2025 agreement—which the Court did not enter—to set a deadline following a potential denial
11 of the motion to compel arbitration. (ECF No. 14.) Thus, until the deadline to file an opposition
12 passed on February 24, 2025, Defendants expected a delay when litigating whether Plaintiff's
13 claims should be sent to arbitration. Accordingly, the Court does not find this factor weighs in
14 favor of deciding the underlying motion on a procedural defect rather than the merits.

15       Defendants also contend that allowing Plaintiff to file an untimely opposition sets a
16 negative precedent for Defendant and others who ensure they diligently follow this Court's rules.
17 (Id. at 4-5.) Parties are expected to diligently know and follow all Federal Rules of Civil
18 Procedure and this Court's Local Rules. By allowing Plaintiff to file her untimely opposition,
19 the Court does not set any precedent or pattern to flout such rules. The issue here is whether,
20 considering the specific circumstances, the Court should exercise its discretion in affording
21 Plaintiff the opportunity to be heard despite her failure to comply with the Local Rules. Notably,
22 given the exacting standard required to resolve a motion to compel arbitration where the making
23 of an arbitration agreement is at issue, an opposition would aid the Court in determining whether
24 Plaintiff's claims must be sent to arbitration.

25       Additionally, Defendants validly note that Plaintiff does not accept responsibility for the
26 delay in filing nor does she affirm she has taken reasonable steps to address the delay. (ECF No.
27 28 at 5.) Indeed, Plaintiff's failure to not only *not* accept responsibility, but to double down and
28 impugn Defendants gives the Court pause as to whether Plaintiff acted in bad faith. While

Plaintiff argues she has shown excusable neglect, she does not recognize she relies upon an outdated version of the Local Rules. See Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004) (recognizing that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered….") Although relying on outdated Local Rules is not a compelling excuse, the Court does not find Plaintiff acted in bad faith by failing to timely file her opposition. In such finding, the Court focuses only the prompt steps Plaintiff took to procure a stipulation from Defendants the same day the Court issued its order, and not her unsavory remarks towards Defendants when describing how she did not receive such stipulation.

Accordingly, the Court does not find substantial prejudice to Defendants in allowing Plaintiff leave to file her opposition nine days after the deadline. Defendants will be afforded the opportunity to file reply briefs pursuant to Local Rule 230(d). The Court understands that Defendants' schedules may be affected by Plaintiff's untimely filing. Thus, the Court will entertain reasonable requests for extensions of time made in advance of the deadline, if necessary.

The Court also recognizes Plaintiff requests that the March 19, 2025 hearing go forward[5] or that it be continued to April 2, 2025. Plaintiff, however, is "not entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." L.R. 230(c). The Court will not re-set the hearing at this time. L.R. 230(g). If one becomes necessary, the Court will issue an order re-setting the hearing.

///
///
///
///
///
///

---

[5] Plaintiff argues that Defendants would not be prejudiced because they could file their replies prior to the hearing. Even if the hearing remained on March 19, 2025, Defendants' replies, if any, would not have been due until March 17, 2025. This short timeframe before the hearing would have imposed undue burden on the Court in its preparation for the hearing.

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's opposition to Defendants' motion to compel (ECF No. 26) is deemed untimely filed on March 5, 2025; and

2. Defendants' reply briefs, if any, shall be filed **ten (10) days** from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **March 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge