UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIANA MONTES, on behalf of herself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPSTONE LOGISTICS, LLC; WINCO FOODS, LLC; and DOES 1 to 50,<br><br>　　　　Defendants. | Case No.: 1:24-cv-1485 JLT SAB<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISSING WITHOUT PREJUDICE THE CLAIMS OF THE PUTATIVE CLASS, AND STAYING PLAINTIFF'S INDIVIDUAL AND PAGA CLAIMS<br><br>(Docs. 21, 34) |

　　　　Adriana Montes asserts she suffered violations of California's wage and hour laws as an employee of Capstone Logistics and WinCo Foods. Plaintiff initiated this class on behalf of herself and a class of individuals similarly situated, also seeking to proceed with a claim under the state's Private Attorneys General Act. (*See generally* Doc. 11.) Capstone moves to compel Plaintiff to pursue her individual claims in arbitration, dismiss Plaintiff's putative class claims, and stay the representative PAGA claims. (Doc. 21.) WinCo joins in the motion. (Doc. 22.)

　　　　The magistrate judge found a valid arbitration agreement exists between the parties, which is governed by the Federal Arbitration Act. (Doc. 34 at 9-17.) The magistrate judge determined the arbitration agreement includes provisions that delegate arbitrability to the arbitrator and a waiver of the right to proceed with a class action, both of which were unchallenged. (*Id.* at 17-20.) The magistrate judge recommended that the Court grant the motion to compel Plaintiff's individual claims to

1

arbitration, dismiss the class claims without prejudice; and stay the action as to Plaintiff's individual claims and representative PAGA claims, pending arbitration. (*Id.* at 21.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 34 at 21.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither party filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated September 2, 2025 (Doc. 34) are **ADOPTED** in full.
2. Defendant's motion to compel arbitration (Doc. 21) is **GRANTED**, and Plaintiff's individual claims **SHALL** be arbitrated pursuant to the agreement.
3. The claims of the putative class are **DISMISSED** without prejudice.
4. Plaintiff's individual claims and representative PAGA claim are **STAYED** pending arbitration.
5. Within 120 days, and every 120 days thereafter, counsel **SHALL** file a joint status report regarding the status of arbitration. In addition, within 10 days of a determination by the arbitrator, counsel **SHALL** file a joint status report.

IT IS SO ORDERED.

Dated:   **September 29, 2025**

UNITED STATES DISTRICT JUDGE